**Joseph DeMARCO, Plaintiff,**

v.

**Mark GINN, et al., Defendants.**

**Civ. A. No. 90–1745(GEB).**

United States District Court,
D. New Jersey.

Dec. 5, 1990.

Joseph DeMarco, pro se.

Dante Dipirro, Deputy Atty. Gen., Trenton, N.J., for defendants.

## MEMORANDUM AND ORDER

FREDA L. WOLFSON, United States Magistrate Judge.

Presently before the Court is *pro se* plaintiff, Joseph DeMarco's motion to compel the reproduction of documents at defendants' expense. This matter is being considered pursuant to *Fed.R.Civ.P.* 78, and having considered the moving papers and the opposition thereto, the Court for the reasons discussed below orders that plaintiff's motion is granted.

On June 29, 1990, plaintiff filed a motion pursuant to *Fed.R.Civ.P.* 34, for a Request for Production of Documents. Specifically, plaintiff requested a copy of his entire file of medical records located at Trenton State Prison. Defendants responded by producing the medical file for plaintiff's inspection. Plaintiff was allowed to tab the documents he desired. After reviewing his file, plaintiff identified 57 pages which he wanted copied. On August 10, 1990, the defendant wrote to plaintiff stating that under N.J.A.C. 10A:22–2.10, his copying bill was $11.20 and once plaintiff authorized the prison to withdraw the money from his account, the copies would be forthcoming. Plaintiff refused to pay for the copies and brought this motion to compel defendant to produce and pay for the documents. The issue before this Court is whether N.J.Admin.Code Title 10A, § 6–2.5 (1987)[1] (herein-

---

1. **10A:6–2.5 Legal Copying Services**

(a) There shall be no charge to the inmate for the legal copying services provided by the correctional facility.

(b) Each correctional facility shall establish written procedures by which inmates are permitted to have legal materials copied.

(c) At a minimum, inmates may submit material to be copied to a staff member designated

after "N.J.A.C. 10A:6–2.5") includes the free copying of an inmate's medical records pursuant to a discovery request.

The first issue to be examined is defendants' contention that this Court should pay deference to a department's interpretation of its own regulations. Defendant states that "... the Department [of Corrections] is the agency which has promulgated [N.J.A.C. Title 10A and], its interpretation of its own regulations is entitled to deference." *See* p. 4 Defendant's letter brief in opposition to plaintiff's motion to compel the reproduction of documents. The Court is well aware of the due deference it must pay to an agency's interpretations of its own regulations. *See Smith v. Director, Division of Taxation,* 108 N.J. 19, 527 A.2d 843 (1987). However, deference cannot be paid to nonexistent interpretation. Defendant has not cited to, nor has this Court been able to locate, any interpretation of N.J.A.C. 10A:6–2.5. The Department of Corrections, the agency which has promulgated N.J.A.C. 10A:6–2.5, has not interpreted the Title. There are no New Jersey cases which analyze Title 10A:6–2.5. There is no legislative history on the Title, and the New Jersey Register and New Jersey Administrative Reports are of no assistance.

This Court is puzzled by defendants' argument asking this Court to pay deference to an agency's own interpretation of its regulations when no such interpretation exists. The only "body" that has presumably interpreted the regulation is an employee of the Trenton State Prison.[2] The Director of Education obviously believed that plaintiff was not entitled to free copies and thus, demanded proper payment. This Court must not pay deference to a prison employee's interpretation of the New Jersey Administrative Code. Since defendant has not cited to any Department of Corrections interpretation, this Court is without precedent to interpret N.J.A.C. 10A:6–2.5

After laboring over the language of N.J.A.C. 10A:6–2.5 and the accompanying relevant sections, this Court is left with a picture that is anything but clear. The language of Sections 10A:6–2.5, 10A:6–1.3 and 10A:18–1.3, is both contradictory and at times illogical.

This interpretative foray starts with N.J.A.C. 10A:6–2.5. Section (a), provides that "[t]here shall be no charge to the inmate for the legal copying services provided by the correctional facility." The question that follows from this general section is what materials are copied for free. N.J.A.C. 10A:6–2.5(d) states that "only material related to legal actions or *research* may be copied. The material may be reviewed by the Supervisor of Education or his or her designee but only to ensure that

by the Supervisor of Education, or an inmate paralegal under the supervision of a designated staff member, during prescribed hours. The original and copies of the material shall be returned to the inmate within four days of submission unless a return of the material is prevented by exceptional circumstances. When the fourth day falls on a Saturday, Sunday or holiday, the material shall be returned on the weekday following the weekend or holiday.

(d) Only material related to legal actions or research may be copied. The material may be reviewed by the Supervisor of Education or his or her designee but only to ensure that it is legal in nature. Copies will be limited to the number required by the court plus one copy for the inmate. Extensive copying not related to litigation, such as transcripts, shall be done at the inmate's expense.

(e) Cases from court reporters found in the inmate law library should only be copied in the following instances:

1) If the inmate is confined to a closed custody unit, a hospital, a farm or camp unit and

does not have access to the inmate law library; or

2) if the inmate's work schedule precludes him or her from engaging in adequate legal research in the law library.

(f) In the instances cited in (e)(1) and (e)(2) above, the copied case will be signed out on a temporary basis and returned to the inmate law library for future use.

(g) All legal material which can be duplicated by typing will be done in that matter by the inmate.

(h) Exceptional circumstances may dictate that materials other than those defined as "legal material" (see N.J.A.C. 10A:18–1.3) would need to be copied. The copying of such materials is left to the discretion of the Supervisor of Education or the staff person designated by him or her to supervise copying procedures.

2. This Court presumes that the Director of Education has been making the decisions for the prison. *See* N.J.A.C. 10A:6–2.5(h), and Inmate Handbook for New Jersey State Prison, Department of Corrections, p. 101.

it is *legal in nature.* Copies will be limited to the number requested by the court plus one copy for the inmate." (Emphasis added).

Defendant argues that the language of Section (d) implies that the documents encompassed by the section are only those which are to be served by a plaintiff, not documents which a plaintiff seeks. Adding to his argument, defendant notes that N.J.A.C. 10A:6–1.3, the definitional section to 10A:6, defines "legal material" as "papers or documents that are required to be filed with the court and served upon opposing parties." From this, defendant concludes that "it is evident that the duty which the Department of Corrections has undertaken towards providing inmates with copying services does not carry over to documents, held by the department as a party defendant, which plaintiff seeks to discover." *See* p. 4, Defendants' letter brief in opposition to plaintiff's motion to compel the reproduction of documents.

This Court disagrees with defendants' interpretation of N.J.C.A. 10A:6–2.5(d). The first sentence of section (d) allows for the copying of legal research. Clearly, legal research is not "a document required to be filed with the court and served upon opposing parties." Thus, the authors of this section envisioned that free copies encompassed documents beyond those required to be filed with the court. If the Title allows for free copying of research related to legal material, then this Court can conceive of no reason why plaintiff should not receive free copies of material being produced pursuant to legitimate discovery requests. Additionally, the second sentence of section (d) allows for a reviewing process to determine if the materials to be copied are legal in nature. Why would the authors include this section if free copying was limited to documents "required to be filed to the court." By definition, all documents *filed* with the court are "legal in nature". Thus, the authors must have had other materials (e.g., discovery documents) in mind when they drafted this section.

In addition to the preceding analysis, N.J.A.C. 10A:6–1.3 assists this Court in determining whether plaintiff should receive free copies. This section defines the key terms used throughout chapter 6. At issue here is subsection 3 of the term "Legal Materials". Listed after the definition of "Legal Materials" are 12 subparts which comprise the actual materials and documents which receive free copying status. Part 3 states that inmates receive free copies of "every paper relating to discovery which is required to be served."

What is meant by Part 3? It cannot mean an order, a notice of motion or a brief because they are listed separately in parts 1, 4 and 9. This Court interprets Part 3 to include plaintiff's discovery of his medical records. Plaintiff filed a motion requesting the production of his medical records. Defendant informed plaintiff that the documents would be produced. Consequently, since the records must, in a literal sense, be served on the plaintiff, the medical records fall within Part 3 and must be copied for free.

The Department of Corrections has promulgated a regulation (N.J.A.C. 10A:6–2.5) that is difficult to understand and open to numerous interpretations. This Court finds that plaintiff's discovery request falls within the confines of N.J.A.C. 10A:6–2.5 and therefore should receive free copying status.[3]

## ORDER

IT IS on this 5th day of December, 1990,

ORDERED that plaintiff's motion to compel the reproduction of medical records at the defendants' expense is granted; and it is further

ORDERED that the defendants shall deliver the documents to the plaintiff no later than 10 days from the date of this Order.

---

**3.** If the Department did not intend this result, then it should take appropriate action to clarify the regulations.